**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| DEBRA C. GAUSE, # 113518, )<br>  )<br>Petitioner, )<br>  )<br>vs. )<br>  )<br>WARDEN OF CAMILLE GRIFFIN )<br>GRAHAM CORRECTIONAL )<br>INSTITUTION, )<br>  )<br>Respondent. )<br>_____) | C.A. No.: 4:08-0148-PMD-TER<br><br>**ORDER** |

This matter is before the court upon *pro se* Petitioner Debra C. Gause's ("Petitioner") Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254, which was filed on January 16, 2008. On June 12, 2008, the Respondent Warden of Camille Griffin Graham Correctional Institution ("Respondent") filed a Motion for Summary Judgment urging the court to dismiss Petitioner's Motion. On July 18, Petitioner filed a Response in Opposition to Respondent's Motion. On August 28, United States Magistrate Judge Thomas E. Rogers, III entered a Report & Recommendation ("R&R") recommending to this court that Petitioner's Petition be dismissed because it was filed in this court after the applicable statute of limitations had expired. Petitioner filed timely Objections to the R&R on September 11, essentially just restating her original stated grounds for relief without specifically responding to the Magistrate Judge's recommendation concerning the statute of limitations. For the following reasons, the court hereby grants Respondent's Motion for Summary Judgment and dismisses Gause's habeas petition.

## BACKGROUND

Petitioner is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"), proceeding *pro se* in this matter. Petitioner is currently confined in the Graham Correctional Institution.

In April 1982, Petitioner was indicted in Florence County for conspiracy to commit armed robbery, armed robbery, and murder. She was tried in front of a jury from October 6-8, 1982, and was ultimately convicted on all three charges. The Honorable Judge Luke N. Brown, Jr., sentenced Petitioner to five years on the conspiracy charge, twenty years on the armed robbery charge, and life imprisonment on the murder charge. Petitioner was represented at trial by a public defender.

Petitioner appealed the convictions and sentences to the Supreme Court of South Carolina. She was represented on appeal by an appellate public defender. In an opinion dated May 3, 1984, the Supreme Court affirmed her convictions and sentences.

On May 15, 1984, Petitioner filed an Application for Post-Conviction Relief ("PCR"), alleging that her trial had been unfair. She received an evidentiary hearing on this application on November 29, 1984, at which she was represented by counsel. However, at the hearing, Petitioner took the stand and knowingly withdrew the application, and the application was dismissed with prejudice on January 8, 1985.

Petitioner filed another Application for Post-Conviction Relief on November 10, 1988, alleging that her trial was unfair, she was provided with ineffective assistance of counsel, and her sentence was excessive. This application was dismissed with prejudice on October 6, 1989, and was not appealed.

Petitioner filed yet another Application for Post-Conviction Relief on September 9, 1994, based upon the same issues as those complained of in her previous Application. A hearing on this Application was held on October 31, 1995, at which Petitioner was represented by counsel. This Application was dismissed with prejudice by the PCR court as being a successive PCR application on February 19, 1996. This dismissal was not appealed.

Petitioner filed yet another Application for Post-Conviction Relief on November 29. 2006, based upon substantially the same issues as her prior Applications for relief. She also claimed that she wanted her DNA tested and compared with any DNA evidence found on a glove which she alleged was still in state custody. This Application was dismissed as successive and in violation of the state statute of limitations on June 6, 2007. Petitioner filed a notice of appeal with the state supreme court on July 12, 2007. On October 18, 2007, the state supreme court dismissed the appeal because it had failed to provide any arguable basis for why the final decision of the PCR court was in error. Petitioner filed a letter entitled "Motion to Reconsider" with the state supreme court on November 5, 2007, but was informed by the Clerk of the state supreme court in a letter dated November 27 that the supreme court's dismissal of the appeal had ended the matter.

On January 16, 2008, Petitioner filed the present application for habeas relief under 42 U.S.C. § 2254, alleging that the trial had been unfair and that the state of South Carolina had evidence in its possession which could exonerate her. On June 12, Respondent filed a Motion for Summary Judgment, to which Petitioner filed Response in Opposition on July 18.

**STANDARD OF REVIEW**

I.      The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). The Court reviews *de novo* those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C). As to those portions of the Report for which no such specific written objections are made, the Court "need not conduct a *de novo* review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After a review of the entire record, the R&R, Petitioner's Petition and his Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

II.     Motion for Summary Judgment

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex*

4

*Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **ANALYSIS**

As an initial matter, the Court notes that Petitioner has failed to make specific objections to the Magistrate Judge's R&R. While Petitioner did file a document of "Objections," she merely restated her grounds for Complaint. Nowhere in her Objections did Petitioner specifically object to the Magistrate Judge's finding that her petition for habeas relief under § 2254 was time-barred by §2244(d)(1).

However, even if Petitioner had made proper specific objections to the Magistrate Judge's R&R, her claim for habeas relied under § 2254 would still fail as a matter of law. As the Magistrate Judge correctly noted, 28 U.S.C. § 2244(d)(1), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." "Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202 (2003) (internal citations and quotation marks omitted). A petitioner is generally required to file the habeas petition within one year of learning the factual predicate to support his claim for habeas relief.

Since Petitioner's convictions and sentences occurred prior to the enactment of AEDPA, however, the one-year statute of limitations did not start running until that law was passed. The applicable one-year time limit under § 2244(d)(1)(A) began to run on April 24, 1996, when

AEDPA was enacted. This means that the time limit for Petitioner to file her habeas petition expired on April 24, 1997.

However, the statute of limitations is generally tolled while a petitioner is properly seeking relief on those claims in state proceedings. *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999) ("[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners."). A new one-year limitation period is *not* initiated upon exhaustion of state remedies; rather, the original one-year limitation period which was tolled during the pendency of the state proceedings *recommences* upon the final disposition by the highest state court.

Here, while Petitioner had intermittently been seeking PCR relief on her convictions and sentences since her initial incarceration in 1982, her third PCR application had been rejected by the state PCR judge in February 1996, and she did not appeal this decision. At that time, Petitioner's latest PCR claim had already been finally adjudicated by the state court system, and Petitioner was not challenging the validity of her conviction in any other state court action. If at any point between that date and April 24, 1997, Petitioner had filed an action in state court challenging the constitutionality of her conviction, then the time limitation would have tolled from the date that action commenced until it had reached final adjudication. However, since she did not, Petitioner became barred from filing for federal habeas relief under § 2254 on April 24, 1997. Because Petitioner did not seek relief in any state court proceedings during that one-year period, the time to file her petition was not tolled and the statute of limitations passed. *See Taylor*, 186 F.3d at 557. Accordingly, the Magistrate Judge was correct in finding that

6

Petitioner's petition, which was filed over twenty-five years after his initial conviction and over ten years after the statute of limitations had passed, was untimely.

The only other way this Court could find that Petitioner's claim for habeas relief was not untimely under §2244(d)(1) is to find that it had been equitably tolled. However, this is emphatically not a case where such a ruling would be appropriate. The doctrine of equitable tolling applies only in "those rare instances where - due to circumstances external to the [petitioner's] own conduct - it would be unconscionable to enforce the limitation against the [petitioner]." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In order to invoke the doctrine of equitable tolling, a petitioner must be able to show the existence of some "extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit." *Id*. Clearly, Petitioner's situation does not present the sort of "extraordinary circumstance" required to invoke equitable tolling. Petitioner has shown a willingness and ability to litigate the validity of her conviction, and was firmly capable of filing her motion for habeas relief in timely fashion more than a decade ago. Additionally, it is firmly established that a *pro se* prisoner's ignorance of the law is not a basis to invoke equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Accordingly, the Magistrate Judge was correct in finding that Petitioner's claim for relief under § 2254 was untimely, and the court hereby grants Respondent's Motion for Summary Judgment.

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Respondent Warden of Camille Griffin Graham Correctional Institution's Motion for Summary Judgment be **GRANTED**, and Petitioner Debra C. Gause's Petition for relief under 28 U.S.C. § 2254 is **DISMISSED**.

    **AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**

**January 29, 2009**